# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MUSTAFA WAHID,

        Plaintiff,　　　　　　　　　Case No.
　　　　　　　　　　　　　　　　　　　　Hon.

v.

HENGSHUAI AUTOMOTIVE, INC.,

        Defendant.

---

Joseph X. Michaels (P79084)
Adam M. Taub (P78334)
Croson, Taunb & Michaels PLLC.
Attorneys for Plaintiff
455 E. Eisenhower Pkwy, Ste. 75
Ann Arbor, MI 48108
(734) 519-0872
jmichaels@ctmlawyers.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, Mustafa Wahid, by and through his attorneys, CROSON, TAUB & MICHAELS, PLLC, hereby alleges as follows:

## INTRODUCTION

1. This is a single-Plaintiff employment age, race, and nation origin discrimination and retaliation case. Plaintiff, Mustafa Wahid, brings suit pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et*

1

*seq.,* and Michigan Elliott-Larsen Civil Rights Act, MCL § 37.210 *et seq*., to remedy illegal discrimination by Defendant Hengshuai Automotive, Inc.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Mustafa Wahid, is a former employee of Hengshuai Automotive Inc., and a resident of Oakland County, Michigan.

3. Defendant, Hengshuai Automotive Inc., is a Delaware corporation conducting business in Oakland County, Michigan, with its registered agent located in Novi, Oakland County, Michigan.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case arises under federal law.

5. Jurisdiction over supplemental state law claims is proper under 28 U.S.C. § 1367 as they arise from the same case and controversy.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## STATEMENT OF FACTS

7. Mr. Wahid began his employment with Hengshuai as an Onsite Supplier Resident Engineer at General Motors' Technical Center in Warren, MI in July 2019.

8. Mr. Wahid is a 56-year-old naturalized U.S. Citizen of Pakistani descent.

9. Mr. Wahid has an advanced degree in Mechanical engineering and at all times was qualified for his position and performed it diligently.

10. Throughout his employment, Mr. Wahid received exceptional performance reviews and evaluations.

11. However, during the last six months of his employment when Mr. Wahid was transferred to the Hengshuai's Novi location, after serving at a GM Onsite employee at GM facilities the previous four years.

12. Mr. Wahid's supervisor, Luther Ma repeatedly harassed and demeaned Mr. Wahid, often screaming at him without reason or provocation.

13. Additionally, Mr. Wahid was repeatedly required to perform menial tasks well outside of his job description, while other employees who were Chinese nationals, were not.

14. Mr. Wahid, an engineer, was forced to clean bathrooms, clean the shop floor, and remove garbage from garbage bins. Mr. Wahid was also required to lift heavy objects and unpack container boxes regularly.

15. On August 8, 2023, the Plant Manager dropped a loaded pallet jack on both of Mr. Wahid's feet, causing him severe injury and pain. The Plant Manager was not trained or qualified to operate this machinery.

16. Following the injury, Mr. Wahid complained directly to the owner of the company about his treatment by Mr. Ma, including the screaming, yelling, and demeaning conduct.

17. Hengshuai management, however, took no action to address any of Mr. Wahid's concerns.

18. Instead, December 8, 2023, Hengshuai terminated Mr. Wahid stating "regrettably your employment with the company has been terminated effective immediately, because of shortage of work."

19. However, this justification for termination is false. Mr. Wahid's position as a Supplier Resident Engineer at GM's Warren Tech Center was a permanent position intended to last the duration of the engineering program under a contractual agreement with GM, which was still ongoing through 2028. Thus, any claim of lack of work for Mr. Wahid is false.

20. Rather, they simply replaced him with a Chinese national. Indeed, Hengshuai immediately filled Mr. Wahid's position as Supplier Resident with a younger Chinese national, Jillian Li, for the position, who is not a US Citizen and had only a temporary work visa in the United States for her position.

21. Specifically, Ms. Li began working at Hengshuai around July 2023. She joined the company in a different role, but after Mr. Wahid's termination the company transferred to Mr. Wahid's former position at General Motors. In addition

4

to being discriminatory, this violated non-displacement provisions under those with H1-B work visas, which prohibit displacement of positions occupied by U.S. Citizens.

22. The real reason for Mr. Wahid's termination was his age, race, and national origin.

23. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, and brings suit within 90 days of the receipt of a Notice of Right to Sue.

## CAUSES OF ACTION

### COUNT I
### Racial Discrimination in Contracting
### 42 U.S.C. § 1981

24. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

25. By the conduct described above, Defendant intentionally deprived Plaintiff, who is Pakistani/South Asian, of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual employment relationship with Defendant in violation of 42 U.S.C. 1981.

26. But for Plaintiff's race, Defendant would not have ended its contractual employment relationship with Plaintiff.

27. Defendant's course of conduct was done with reckless disregard for Plaintiff's federally protected civil rights, entitling Plaintiff to unlimited punitive damages.

28. As a result of Defendant's unlawful conduct, Plaintiff was harmed and continues to be harmed in that he has suffered economic and non-economic loss, including but not limited to lost wages, damage to professional reputation, emotional distress, outrage, and humiliation.

## COUNT II
### Title VII Race and National Origin Discrimination
### 42 U.S.C. §2000e-1(a)(1) and 42 U.S.C. § 2000e (m)

29. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

30. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

31. At all relevant times, Defendant was an employer with greater than 15 employees, and Plaintiff was an employee covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

32. Plaintiff is a member of a protected group under Title VII due to his race (South Asian) and national origin (Pakistani).

33. Defendant discriminated against Plaintiff because of his race in the terms and conditions of his employment in violation of 42 U.S.C. § 2000e-2(a)(1).

34. Defendant's actions were motivated by unlawful discrimination against Plaintiff because of his race and/or national origin, even though other factors may have motivated the termination in violation of 42 U.S.C. § 2000e-2(m).

35. Defendant subjected Plaintiff to adverse employment actions up to and including termination.

36. Defendant's course of conduct was done with reckless disregard to Plaintiff's federally protected civil rights, entitling Plaintiff to punitive damages.

37. As a result of Defendant's conduct, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including but not limited to lost wages, damage to professional reputation, emotional distress, outrage, and humiliation.

## COUNT III
**Elliott-Larsen Civil Rights Act Race, Age, and National Origin Discrimination
M.C.L. § 37.2202(1)(a)**

38. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

39. At all relevant times, Defendant was an employer and Plaintiff was an employee covered by and within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101.

40. Plaintiff is a member of a protected group under ELCRA because of his race (South Asian), national origin (Pakistani), and age (56).

41. Defendant subjected Plaintiff to adverse employment actions, up to and including termination.

42. Defendant's actions were motivated by unlawful discrimination against Plaintiff because of his race, national origin, and/or age in violation of M.C.L. § 37.2202(1)(a).

43. But for Plaintiff's protected status(es), Defendant would not have terminated him.

44. As a result of Defendant's unlawful conduct, Plaintiff was harmed and continues to be harmed in that he has suffered economic and non-economic loss, including but not limited to lost wages, damage to professional reputation, emotional distress, outrage, and humiliation.

## COUNT IV
## ADEA Age Discrimination
## 29 U.S.C. § 621

45. Plaintiff incorporates the foregoing paragraphs as if fully restated herein. Plaintiff incorporates by reference all preceding paragraphs.

46. Plaintiff is an individual and Defendant is an employer covered by and within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

47. Defendant, by and through its agents, representatives, and employees, treated Plaintiff differently from similarly situated younger individuals in the terms and conditions of employment, based on unlawful consideration of age.

48. Defendant subjected Plaintiff to adverse employment actions up to and including termination.

49. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

50. If Plaintiff had been younger, he would not have been treated in the manner described.

51. As a result of Defendant's unlawful conduct, Plaintiff was harmed and continues to be harmed in that he has suffered economic and non-economic loss, including but not limited to lost wages, damage to professional reputation, emotional distress, outrage, and humiliation.

## **RELIEF REQUESTED**

For the foregoing reasons, Plaintiff, Mustafa Wahid, demands judgment against Defendant as follows:

 a. Compensatory damages for monetary and nonmonetary loss in whatever amount he is found to be entitled;

 b. Exemplary and punitive damages in whatever amount he is found to be entitled;

c. A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;

d. An order of this Court reinstating Plaintiff to the position he would have if there had been no wrongdoing by Defendant;

e. An injunction of this Court prohibiting any further acts of discrimination by Defendant;

f. An award of costs, interest, and reasonable attorney fees; and

g. Whatever other equitable relief this Court finds appropriate.

Respectfully submitted,
Croson, Taub & Michaels PLLC.

*Joseph X. Michaels*
Joseph X. Michaels (P79084)
Attorney for Plaintiff
455 E. Eisenhower Pkwy, Ste. 75
Ann Arbor, MI 48108
(734) 519-0875
jmichaels@ctmlawyers.com

Dated: July 30, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSTAFA WAHID,

       Plaintiff,                  Case No.
                                                      Hon.

v.

HENGSHUAI AUTOMOTIVE, INC.,

       Defendant.

---

Joseph X. Michaels (P79084)
Croson, Taub & Michaels PLLC.
Attorney for Plaintiff
455 E. Eisenhower Pkwy, Ste. 75
Ann Arbor, MI 48108
(734) 519-0872
jmichaels@ctmlawyers.com

---

## **PLAINTIFF'S JURY DEMAND**

Plaintiff, Mustafa Wahid, by and through his attorneys, Croson, Taub & Michaels PLLC, hereby demands a trial by jury as to all issues so triable.

                                                                         Respectfully submitted,
                                                                         Croson, Taub & Michaels PLLC.

                                                                         *Joseph X. Michaels* (P79084)
                                                                         Attorney for Plaintiff

Dated: July 30 2025